UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT (ROB) TROXEL, )<br>       Plaintiff, )<br>v. )<br>)<br>RICHARD G. WORTHY and )<br>R. GAVIN. WORTHY, )<br>       Defendants. ) | NO. 1:10 CV 248 |

## O R D E R

On September 21, 2010, pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), FED. R. CIV. P. 72(b), and LOCAL RULE 72.1(d), the court referred this matter to Magistrate Judge Cosbey to conduct any proceedings which he believed were necessary or appropriate to make findings and issue a **REPORT** and **RECOMMENDATION** as to whether the court has personal jurisdiction over the defendants, and as to disposition of plaintiff's motion (DE # 5) for a default judgment. On November 4, 2010, Judge Cosbey's written findings, report and recommendation were entered on the docket. (DE # 15.) Briefly stated, Judge Cosbey found that, as the result of business activities directed to and conducted in the State of Indiana, which are the subject of the litigation herein, specific personal jurisdiction exists over the defendants. He recommended, therefore, that plaintiff's motion for a default judgment be granted. Consistent with their default, defendants have filed no objections to the report and recommendation.

It also appears that the court has subject-matter jurisdiction over this action, because the parties are of diverse citizenship and the matter in controversy exceeds $75,000.00. The complaint alleges that the defendants are citizens of Texas and that the

plaintiff is a citizen of Indiana, that the defendants have defaulted on promissory notes and converted nearly $500,000.00 in payments by plaintiff to their own personal use, depriving him of merchandise which those payments were for. The exhibits attached to the uncontested complaint, the verified motion for a default judgment, and the exhibits and affidavit filed in connection with the proceedings conducted by Judge Cosbey support these allegations.

Accordingly, the court **ADOPTS** Judge Cosbey's findings, report and recommendation, and plaintiff's motion for a default judgment (DE # 5) is now **GRANTED**. Because the complaint does not pray for a specific sum certain as damages, plaintiff is directed to submit an affidavit, with any necessary supporting exhibits, to establish the amount of damages he contends he is entitled to, in order for the court to direct entry of a final judgment.

                              **SO ORDERED.**


    Date: December 14, 2010


                               s/ James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT